EZEKIEL · WATERHOUSE *vs.* WILLIAM B. KENDALL.

It is no defence to a promissory note that the payee has failed to fulfil an agreement which was the consideration of the note; the two promises being independent of each other.

THIS was an action on a negotiable note, payable to the defendant's order, and by him indorsed to the plaintiff, for $105.37, dated June 10, 1845.    The defendant pleaded the general issue, and relied on the following receipt:  "June 10, 1845.    Received of W. B. K. his note for $105.37, in full, for execution of *Richard Fletcher* v. *Thomas Lamson et al.*, issued June 20, 1843, given to Pratt, which I will return to the said W. B. K., namely, the execution.   Springer and Waterhouse, by William Springer."

It was admitted at the trial in the court of common pleas, that said execution, referred to in the receipt of Springer and Waterhouse, was founded on a note given by said Kendall and Lamson to said Springer and Waterhouse; that the said note was indorsed and turned out as collateral by Springer and Waterhouse, for a debt from them to Fletcher and Whipple, the proceeds to be accounted for when received ; that said Fletcher and Whipple sued said note in their own name, and took out the execution mentioned in said receipt, but being unable to collect any thing upon it, they returned it to said Springer and Waterhouse, who paid Fletcher and Whipple the amount

they held against them; that said Fletcher and Whipple always considered said note and execution the property of said Springer and Waterhouse, and never their own, unless collected; that Fletcher and Whipple have never given Springer and Waterhouse any credit for said note or execution. There was no evidence on the part of the plaintiff that said execution had been returned to the defendant, but it was admitted that Hugh M'Laughlin, clerk and agent of said Kendall, had searched for said execution in said Kendall's desks, and in his place of business, but could not find the same, where such papers would naturally be. The plaintiff at the trial, tendered to said Kendall a release of said judgment from said Fletcher and Whipple, the plaintiffs of record. Said judgment has never been released or discharged on the docket, nor is said execution on file.

The plaintiff contended that said note was payment of said execution, and that said receipt was a discharge of said judgment; that the return of said execution to said defendant was of no importance, but if so, that then the burden of proof was on the defendant, to show that said execution had not been returned to him; and lastly, that the agreement to pay the note and to return the execution, were separate and independent contracts, and that the defendant could not avail himself of said receipt as a defence to said note, but that his remedy was by an action on said receipt.

The defendant contended that the note was on condition that said execution should be returned to said Kendall, and was without consideration.

The presiding judge ruled that said agreement to return said execution was an independent contract, and that the defence could not be maintained. The jury returned a verdict for the plaintiff, and the defendant excepted to said ruling and instructions.

*G. M. Browne,* for the defendant.

*C. E. Allen,* for the plaintiff.

SHAW, C. J. The defendant alleges that he ought not to be bound on the note, as he may still be liable on the execution. It may be admitted that the plaintiff could not give a

legal discharge of the latter, but on the facts he is to be considered as the attorney irrevocable of Fletcher and Whipple, who would be bound by his acts as assignee with a power of attorney coupled with an interest. But besides this, there is another consideration. This is a note unlimited in its terms for $105.37, payable to the plaintiff, or the same thing. Can the defendant set up the receipt in defence? What is the undertaking? That Springer will procure and deliver up the execution. That is a good consideration for the note. Is it a condition precedent to a recovery upon it? We think not. Here was one undertaking to pay money, another to deliver up the execution. Neither was precedent to the other. The stipulation to procure and deliver up the execution on receiving the note, is a mutual and independent stipulation, executory in its character, a failure to perform which gives a good ground of action against the party undertaking it. Suppose the defendant were sued on the judgment, and these facts could not be proved in defence. Then the other party would be responsible on the undertaking to procure and deliver up the execution, which is, in effect, a contract to indemnify. The contracts were to be fulfilled at different times, and were independent, though mutual.        *Exceptions overruled.*